IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN ROE, A# 075-475-480, § | |
| Plaintiff, § | |
| § | |
| vs. § | No. 3:19-CV-2595-C-BH |
| § | |
| U.S. DEPARTMENT OF HOMELAND § | |
| SECURITY, et al., § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Defendants' Motion to Dismiss Plaintiff's Complaint for Injunctive Relief*, filed January 13, 2020 (doc. 8). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the plaintiff's *Complaint for Injunctive Relief* should be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

Proceeding under the pseudonym John Roe (Plaintiff), an alien filed a *pro se* complaint for injunctive relief against the United States Department of Homeland Security (DHS); the United States Immigration and Customs Enforcement (ICE); William Barr, in his official capacity as the Attorney General for the Department of Justice; Kevin K. McAleenan, in his official capacity as Acting Secretary of DHS; and Marc Moore, in his official capacity as Field Office Director for ICE's Dallas Field Office (Defendants). (*See* doc. 1 at 3-5.)[2] He seek to enjoin his detention or removal from the United States pending resolution of two separate federal civil lawsuits in which he is the plaintiff. (*See id.* at 1-2, 11.)

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff, a national of Haiti, contends that he has lived continuously in the United States for over 30 years and is the son, husband, and father of U.S. citizens. (*Id.* at 3.) In 2007, ICE allegedly made several attempts to remove him from the United States he complained that he had been assaulted by an ICE agent at a detention center in Florida. (*See id.* at 8.) Approximately eight years later, on November 9, 2015, he was detained at the Denton County Jail and was subsequently transferred into ICE custody at a contract facility in Johnson County, Texas. (*See id.* at 5.) Plaintiff claims that during his detention at that facility, he hospitalized offsite, where he was sexually assaulted by a correctional officer from the contract facility. (*See id.* at 5-6.) After he reported the sexual assault, Plaintiff was allegedly subjected to various violations of his constitutional rights in retaliation. (*See id.*) He claims that as part of that retaliation, on December 19, 2017, he was arrested and imprisoned on a $100,000 bond amount for the misdemeanor offense of making a false report to a peace officer based on his reporting of the sexual assault, and an ICE detainer was lodged against him. (*See id.* at 7.) He alleges that he was acquitted of that offense, and ICE assumed custody of him from May 8 through May 11, 2018. (*See id.* at 8.)

Plaintiff subsequently filed two civil lawsuits in the Northern District of Texas on September 19, 2018, and April 1, 2019, based on the alleged sexual assault and due process violations he claims occurred while he was detained by ICE. (*See id.* at 6-7.) He now seeks a preliminary injunction enjoining Defendants "from issuing any ICE detainer against Petitioner until Petitioner's civil rights cases has [sic] been fully adjudicated," and "from removing Petitioner from the district until Petitioner's civil rights cases has [sic] been fully adjudicated." (*Id.* at 11.)

## I. JURISDICTION

Defendants move to dismiss Plaintiff's complaint for injunctive relief for lack of subject matter jurisdiction.

A. **Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

The district court may dismiss for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If sufficient, those allegations alone provide jurisdiction. *See id.*

Here, Defendants rely solely on Plaintiff's complaint in support of their motion to dismiss for lack of subject matter jurisdiction. The motion therefore presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412-13.

B. **Standing**

Defendants contend that Plaintiff lacks standing to obtain the injunctive relief sought in his

complaint because his "request for prospective relief does not meet the standing requirements for a justiciable case or controversy." (doc. 8 at 5.)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). The Supreme Court "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819. "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983) (quoting *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979)). "Even when standing is not raised by the parties, the Court must, where necessary, raise the issue *sua sponte*." *Reed v. Rawlings*, No. 3:18-CV-1032-B, 2018 WL 5113143, at *3 (N.D. Tex. Oct. 19, 2018) (citing *Collins v. Mnuchin*, 896 F.3d 640, 654 n.83 (5th Cir. 2018)); *see Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 n.2 (5th Cir. 2018) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010)).

To meet the standing requirement, "[p]laintiffs must demonstrate that (1) they have suffered an 'injury in fact,' which is a 'an invasion of a legally protected interest' that is 'concrete and particularized' rather than 'conjectural or hypothetical,' (2) there is a 'causal connection between the injury and the conduct complained of' such that the injury is 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court,' and (3) the injury likely will 'be redressed by a favorable decision.'" *Seals v. McBee*, 898 F.3d 587, 591 (5th Cir. 2018) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

"'[E]ach element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof,' with the same evidentiary requirements of that stage of litigation." *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 167-68 (1997) (citations and quotations omitted)). Courts are to assess a plaintiff's "standing to bring each of its claims against each defendant." *Coastal Habitat Alliance v. Patterson*, 601 F. Supp. 2d 868, 877 (W.D. Tex. 2008), *aff'd by* 385 F. App'x 358 (5th Cir. 2010) (citing *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001)). While plaintiffs must set forth specific facts by affidavit or other evidence to survive summary judgment, and "must ultimately support any contested facts with evidence adduced at trial, '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice'" because on a motion to dismiss, courts presume that "general allegations embrace those specific facts that are necessary to support the claim." *Bennett*, 520 U.S. at 168 (citations and internal quotation marks omitted).

### *1.   Injury and Causation*

In the context of equitable relief, a plaintiff can establish the injury and causation prongs required for Article III standing by showing "actual present harm or a significant possibility of future harm." *Bauer v. Tex.*, 341 F.3d 352, 357 (5th Cir. 2003) (quoting *Peoples Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998)). "Past exposure to illegal conduct" alone does not establish standing for equitable relief "if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir. 2015); *Bauer*, 341 F.3d at 358 (*quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Bauer*, 341 F.3d at 358. When a plaintiff seeks relief from governmental action, a court "should not intervene unless the need for

equitable relief is clear, not remote or speculative." *Machete Prods.*, 809 F.3d at 288 (quoting *Henschen v. City of Houston*, 959 F.2d 584, 588 (5th Cir. 1992)).

Here, Plaintiff claims that ICE previously retaliated against him in 2007 by making multiple attempts to remove him from the United States after he complained that he was assaulted by an ICE officer in Florida. (*See* doc. 1 at 8.). He also alleges that ICE has retaliated against him for reporting a sexual assault by a correctional officer at its contract facility by violating his constitutional rights, and he seeks to enjoin his detention and removal while his civil litigation relating to that assault is concluded. (*See id.* at 5-8.) In his response to Defendants' motion to dismiss, Plaintiff alleges that removal proceedings have now been instituted against him in further retaliation for his pending civil rights lawsuits.[3] (*See* doc. 15 at 5.) Plaintiff has sufficiently alleged actual present harm or a significant possibility of future harm.

### 2. *Redressability*

The Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA), PL 104-208, 110 Stat. 3009 (1996), codified at 8 U.S.C. § 1101 *et seq.*, "substantially limits judicial review of the Attorney General's immigration decisions." *Li v. Agagan*, No. 04-40705, 2006 WL 637903, at

---

[3] As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court. *See Hearn v. Deutsche Bank Nat'l Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged claim should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) ("The district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). Accordingly, Plaintiff's allegations in his response to Defendants' motion to dismiss are construed as a motion to amend, the motion is granted, and the new allegations are considered.

\*2 (5th Cir. Mar. 14, 2006) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999) ("Of course *many* provisions of IIRIRA are aimed at protecting the Executive's discretion from the courts—indeed, that can fairly be said to be the theme of the legislation.") (emphasis in original)). The IIRIRA "maintains the Attorney General's executive discretion to decide when to commence proceedings, adjudicate cases, and execute removal orders." *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999).

> Title 8 of the United States Code, § 1252(g) provides:
>
> *(g) Exclusive Jurisdiction*
>
> Except as provided in this section and not withstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The statute further provides that § 1252(g) applies "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under the [IIRIRA]." IIRIRA, Pub. L. 104-208, div. C, tit. III, § 306(c)(1), 110 Stat. 3009; *see also Am.-Arab Anti-Discrimination Comm.*, 525 U.S. at 471.

Narrowly construing the scope of § 1252(g), the Fifth Circuit has determined that claims "connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders,'" are precluded from court review by § 1252(g). *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 944 (5th Cir. 1999). Further, § 1252(g) "acts as a jurisdictional bar to a suit seeking to enjoin removal proceedings because of selective prosecution." *Moore v. Mukasey*, No. H-08-1923, 2008 WL 4560619, at \*2 (S.D. Tex. Oct. 9, 2008) (citing *Am.-Arab Anti-Discrimination Comm.*, 525 U.S. at 472-76, 487).

7

Plaintiff attempts to characterize his request for injunctive relief as being outside the jurisdictional bar of § 1252(g) by claiming that he "is neither seeking a habeas corpus for he is not detained nor is challenging any decision of the Attorney General pursuant to 8 U.S.C. § 1252(g)," and he focuses on the absence of any challenge to a final order of removal. (*See* doc. 15 at 2-3.) Although § 1252(g) does not cover "the universe of deportation claims," it does cover "three discrete actions that the Attorney General may take: [his] 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Am.-Arab Anti-Discrimination Comm.*, 525 U.S. at 943 (emphasis in original); *see also Moore*, 2008 WL 4560619, at *2 (finding the court lacked subject-matter jurisdiction under § 1252(g) to adjudicate the plaintiff's request for injunctive and other relief against Attorney General for commencing deportation proceedings). These three discrete actions "represent the initiation or prosecution of various stages in the deportation process." *Am.-Arab Anti-Discrimination Comm.*, 525 U.S. at 943.

By seeking to enjoin the issuance of a detainer and his removal from the United States, Plaintiff seeks to preclude the Attorney General from commencing and adjudicating removal proceedings—i.e., from initiating and prosecuting removal proceedings—and from executing a removal order against him. His request for injunctive relief falls squarely within the ambit of § 1252(g), and the relief sought cannot be redressed by this Court. Accordingly, Plaintiff lacks standing to pursue his claims, and subject matter jurisdiction is therefore lacking.

### III. RECOMMENDATION

Defendants' *Motion to Dismiss Plaintiff's Complaint for Injunctive Relief* should be **GRANTED**, and the plaintiff's *Complaint for Injunctive Relief* should be **DISMISSED** for lack of jurisdiction.

8

**SIGNED** this 13th day of July, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9